[No. 26358. Department Two. November 30, 1936.]

FRED CHAMBERS *et al., Appellants,* v. FRED CARLYON *et al., Respondents.*[1]

*J. W. Graham,* for appellants.
*Frank C. Owings,* for respondents.

BEALS, J.—In their amended complaint, plaintiffs alleged that, prior to July, 1932, they purchased fifty shares of Chrysler stock and ninety shares of Studebaker stock, both on margin; that the market price of the stocks declined, and as more margin was re-

[1]Reported in 62 P. (2d) 726.

quired from time to time, the defendant Fred Carlyon signed with plaintiffs certain notes in favor of the Capital National Bank, with the proceeds of which plaintiffs' stocks were protected; that finally, by a payment of three hundred dollars, the proceeds of a note signed by plaintiffs and Mr. Carlyon, the stock was purchased outright, the same being issued to Mr. Carlyon as security for his advances.

Plaintiffs also alleged that Mr. Carlyon (who will hereinafter be referred to as though he were the sole defendant, although his wife is a party defendant) advanced $745 upon a land contract owned by plaintiffs, which was also assigned to defendant as security; that, after the purchase of the stock, defendant several times suggested that the same should be sold, to which plaintiffs objected, but that, notwithstanding their objections, defendant sold the Chrysler stock at the market price, and from the proceeds thereof retained the amount due himself on the real estate contract, applying the balance on the note in favor of the bank, upon which, after making such payment, there remained a balance of something over three hundred dollars. Plaintiffs then alleged that the stock had advanced in value; that defendant had sold the same without authority or right; and that they had been damaged thereby in a considerable sum, for which they demanded judgment. The Studebaker stock was returned to plaintiffs, and with that we are not concerned.

In his answer, defendant denied certain of the allegations of plaintiffs' complaint, and pleaded affirmatively that he had advanced money, as alleged by plaintiffs; that it was understood and agreed between the parties that he should have the authority and right to sell the stock as and when he pleased, and that he

thereafter exercised this right and sold the stock, giving plaintiffs credit for the entire proceeds thereof. He further pleaded that, during the month of December, 1934, after the sale of the stock, the parties made a complete settlement which constituted an accord and satisfaction of all dealings between plaintiffs and defendant up to that time, and that thereafter, during the month of August, 1935, they again effected an accord and satisfaction, which terminated other and all transactions between them.

Plaintiffs replied, denying the material allegations of the affirmative defense, and the action was in due time tried to the court, sitting without a jury. Trial resulted in the entry of findings of fact and conclusions of law in defendant's favor, and from a judgment in accordance therewith dismissing the action, plaintiffs have appealed.

Appellants contend that the record discloses no evidence, or reasonable inference from the evidence, which justifies the decision, and that the same is contrary to law.

The trial court found that appellants had purchased the stock as they alleged; that respondent thereafter advanced to appellants considerable sums for the protection of the stock, and that May 23, 1932,

". . . it was arranged that the certificates evidencing such shares of stock should be issued in the name of the defendants, which was thereafter done with the mutual understanding and agreement that the defendants should have the authority and right to sell such stock at any time that they saw fit and apply the proceeds of such sale to the payment of the advances made by the defendants to the plaintiffs; that said advances were made to the plaintiffs direct or to their order; and that thereafter the defendants arranged for the loan of the total thereof, to-wit: eleven hundred eighty-two dollars ($1182.00) by The Capital National Bank, such loan being evidenced by the

plaintiffs' promissory note endorsed by the defendants.

"IV. That thereafter, and on the 3rd day of July, 1933, the defendants sold said Chrysler stock at its market price at that time, receiving from such sale fifteen hundred eighty-five and 5/100 dollars ($1505.05).

"V. That during the period aforesaid the total amount advanced, including interest on such note, aggregated eleven hundred eighty-six and 15/100 dollars ($1186.15).

"VI. That between the 9th day of July, 1932, and the 3rd day of July, 1934, the defendants advanced to the plaintiffs the sum of one thousand thirty-two and 85/100 dollars ($1032.85), including interest, on account of a contract for the purchase and sale of certain real property, in which the plaintiffs were vendees and one L. E. Castle was vendor, which advances were necessary in order to prevent the forfeiture of the moneys theretofore paid on said contract of purchase.

"VII. That thereafter, and on or about the 8th day of December, 1934, a complete settlement of the obligations of the plaintiffs to the defendants was made, at which time the plaintiffs ratified and confirmed the sale of said Chrysler stock, but that in such settlement an error was made, by which the plaintiffs were not credited with the sum of eleven and 56/100 dollars ($11.56); that thereafter the defendants paid said sum of eleven and 56/100 dollars ($11.56) to the plaintiffs; and that said transactions constituted a complete accord and satisfaction of all of the dealings between the plaintiffs and defendants that time. That thereafter, and on or about the 29th day of August, 1935, another accord and satisfaction of said transactions and others was had, which constituted a ratification and confirmation of the sale of said Chrysler stock.

"VIII. That the defendants did, on or about the 10th day of October, 1934, return to the plaintiffs said Studebaker stock."

It is undoubtedly the law, as argued by appellants, that the holder of a mere pledge, in the absence

of specific authority, cannot sell the pledge without legal proceedings or notice. The record clearly indicates that, in this instance, no notice, either to appellants or anyone else, was given, and that the sale was made by respondent without the institution of legal proceedings. It appears, however, that, as soon as the sale was made, respondent notified appellants of what he had done and gave them a statement of moneys received and the application thereof. It is not contended that respondent's accounts of this or subsequent transactions are incorrect.

Appellants argue vigorously that there was no agreement or understanding between themselves and respondent, pursuant to which respondents had authority to dispose of the stock at any time, at his mere option, at the market or any other price. While the evidence upon this phase of the case is in some respects unsatisfactory, we cannot say that it preponderates against the finding of the trial court.

In any event, the evidence clearly preponderates in favor of the trial court's finding to the effect that the parties, after the sale of the stock, by their conduct and the transactions which took place between them, effected a complete accord and satisfaction of all their dealings, and that any claim which appellants might have had against respondent was thereby settled and terminated. As one element of this portion of the dealings between the parties, respondent drew his check for seventy-five dollars, payable to appellants jointly, writing thereon: "In full of all demands to date." This check appellants accepted, endorsed and cashed, and although they contend that the settlement referred only to other transactions between the parties, which had nothing to do with the stock or with the real estate contract, the exhibit is entitled

to consideration as supporting, with other evidence, the findings of the court.

The evidence was to a considerable extent in conflict, but the trial court had the great advantage of seeing and hearing the witnesses, and we cannot say that the evidence preponderates against the findings.

Judgment affirmed.

MILLARD, C. J., TOLMAN, HOLCOMB, and MITCHELL, JJ., concur.